IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HERMAN-LEE KAOPUA, SR., | ) | CIV. NO. 10-00582 SOM/BMK |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION AND |
| | ) | DENYING IN FORMA PAUPERIS |
| vs. | ) | APPLICATION AND MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| STATE OF HAWAII, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER DISMISSING PETITION AND DENYING IN FORMA PAUPERIS
APPLICATION AND MOTION FOR APPOINTMENT OF COUNSEL

On October 5, 2010, pro se Petitioner Herman-Lee Kaopua, Sr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, naming the State of Hawaii as Respondent. Kaopua also filed an in forma pauperis application and motion for appointment of counsel. For the following reasons, the court dismisses the Petition with leave to amend and denies the in forma pauperis application and motion for appointment of counsel.

I.        KAOPUA HAS NAMED AN IMPROPER RESPONDENT.

A petitioner seeking a writ of habeas corpus under § 2254 must name the state officer having custody of him or her as the respondent to the petition. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); 28 U.S.C. Foll. § 2254, Rule 2(a). The correct respondent will normally be the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. See Stanley, 21 F.3d at 360 (citing Brittingham v. United States, 982

F.2d 378, 379 (9th Cir. 1992)). A petitioner's failure to name the custodian of his place of confinement as respondent deprives the court of personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). The State of Hawaii is not the warden at Halawa Correctional Facility, where Kaopua is currently incarcerated, and is not a proper respondent to the Petition. The court requires strict compliance with these rules, and the Petition must be dismissed, with leave to amend, on this basis.

II.     THE IN FORMA PAUPERIS APPLICATION IS DENIED.

Because Kaopua is able to pay the costs for the commencement of this suit, his application to proceed in forma pauperis is denied. The filing fee for a petition for writ of habeas corpus is $5.00. See 28 U.S.C. § 1914(a). The prison has certified that, on or about September 15, 2010, Kaopua's prison account balance was $1,194.86. Kaopua is not a pauper within the meaning of 28 U.S.C. § 1915.

III.    THE MOTION FOR APPOINTMENT OF COUNSEL IS DENIED.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. See McCleskey v. Zant, 499 U.S. 467, 495 (1991); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). The district court must appoint counsel, however, if an evidentiary hearing is to be held in a § 2254 or 2255 proceeding. See 28 U.S.C. Foll. § 2254, Rule 8(c); Troiani v. Poole, 858 F. Supp. 1051, 1055 (S.D. Cal. 1994). An evidentiary hearing is

only mandated under certain circumstances specified in 28 U.S.C. § 2254(e)(2).[1]

When an evidentiary hearing is not necessary, the decision to appoint counsel is entirely discretionary. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); see also 28 U.S.C. Foll. § 2254, Rule 8(a).  The district court is also authorized to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the prisoner's ability to articulate his or her claims in light of the complexity of the legal issues and the likelihood of success on the merits of the petition or motion.  See Weygandt v. Look, 718

---

[1]Under 28 U.S.C. § 2254(e)(2):

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-

(A) the claim relies on-

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

F.2d 952, 954 (9th Cir. 1983).

The court has dismissed Kaopua's Petition with leave to amend to name a proper respondent. Kaopua has also been notified that his Petition will not proceed until he pays the $5.00 filing fee. As such, the Petition has not yet been served and the Respondent or Respondents have not yet answered the Petition. At this point, the court cannot determine whether an evidentiary hearing is required in this action, mandating the appointment of counsel under § 2254(e).

Nor would appointment of counsel serve the interests of justice at this time. Although Kaopua lacks legal skills, his Petition and Motion are relatively clear and cogent. It appears he is able to articulate his claims *pro se*. Accordingly, the court denies Kaopua's Motion for Appointment of Counsel, without prejudice.

IV.    CONCLUSION.

It is HEREBY ORDERED that:

1.    Kaopua's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for failure to name a proper respondent, with leave granted to amend. Kaopua is GRANTED THIRTY-ONE DAYS, until November 12, 2010, to file an amended petition naming a proper respondent. Pursuant to Local Rule 10.3, the amended petition must "reproduce the entire pleading as amended and may not

incorporate any part of a prior pleading by reference, except with leave of court." The amended petition must be labeled "Amended Petition" and must bear the docket number assigned this case. Failure to file an Amended Petition within THIRTY-ONE (31) days, or by November 12, 2010 will result in the AUTOMATIC DISMISSAL of this action without prejudice.

   2.   Kaopua's in forma pauperis application is DENIED. Kaopua is ORDERED to submit the $5.00 filing fee for instituting this action. Failure to do so may also result in dismissal of this action. See Olivares v. Marshall, 59 F.3d 109, 112 (9th Cir. 1995) (district court has authority to dismiss without prejudice prisoner complaint for failure to pay partial filing fee); In re Perroton, 958 F.2d 889 (9th Cir. 1992) (affirming dismissal of appeal of pro se litigant for failure to pay required filing fees).

   3.   Kaopua's Motion for Appointment of Counsel is DENIED. Kaopua may renew his motion at a later date.

   4.   The Clerk is DIRECTED to send Kaopua a copy of the court's habeas corpus form so that he may properly amend his Petition.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 12, 2010.



　/s/ Susan Oki Mollway　
Susan Oki Mollway
Chief United States District Judge

Kaopua v. State of Hawaii, Civil No. 10-00582 SOM-BMK; ORDER DENYING IN FORMA PAUPERIS APPLICATION.