IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HERMAN LEE KAOPUA, SR., #A0129858, | ) CIV. NO. 10-00582 SOM-BMK ) ) |
| Petitioner, | ) ORDER DISMISSING AMENDED ) PETITION AS TIME-BARRED AND |
| vs. | ) DENYING CERTIFICATE OF ) APPEALABILITY |
| NOLAN P. ESPINDA, | ) ) |
| Respondent. | ) ) |

### ORDER DISMISSING AMENDED PETITION AS TIME-BARRED AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is Petitioner Herman Lee Kaopua, Sr.'s amended petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Respondent has filed a preliminary Answer to the Amended Petition. Doc. 9. Kaopua has filed several Replies. Docs. 10, 13, 14. Because it is clear that the Amended Petition is time-barred, it is DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(d)(1), and a Certificate of Appealability is DENIED.

### I. BACKGROUND[1]

On August 20, 2001, Kaopua was charged with five counts of sexual assault in the first degree, in violation of Hawaii

---

[1] These facts are taken from the record and, where not apparent from the record, from *Kaopua v. State*, No. 30079, *slip op.*, 2010 WL 2601485 (Haw. App. Jun. 30, 2010), *cert. den.*, 2010 WL 3496233 (Haw. 2010); *see* 28 U.S.C. § 2254(e)(1); *see also McNeal v. Adams*, 623 F.3d 1283, 2010 WL 4188550, at *5 n.1 (9th Cir. 2010) (relying on facts taken from an unpublished opinion of the California Court of Appeal)(citing *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004)).

Revised Statutes ("HRS") § 707-730(1)(b) (1993) (Counts 1 to 5) and one count of continuous sexual assault of a minor under the age of fourteen (Count 6), in violation of HRS § 707-733.5 (Supp. 1999). Each of these acts allegedly occurred between November 6, 1995, and January 26, 2001.

After a jury-waived bench trial in the Family Court of the Fifth Circuit, State of Hawaii ("circuit court"), the circuit court found that Kaopua had committed three or more discrete acts of first degree sexual assault as charged in Counts 1 to 4, and was therefore guilty of Count 6. *See* Doc. 11-3, Resp.'s Ex. B. The circuit court, however, found insufficient evidence to convict on Count 5. *See Kaopua*, 2010 WL 2601485 at *1. After appeal, cross-appeal, and remand for clarification by the Hawaii Supreme Court, the circuit court concluded that Counts 1 to 5 should not have been alleged in the same proceeding with Count 6 because Count 6 was not charged in the alternative to Counts 1 to 5. *See* Doc. 11-3, Resp.'s Ex. C. The circuit court vacated its judgment, convicted Kaopua on Count 6, and dismissed Counts 1 to 5 pursuant to HRS § 707-733.5(3).[2] *Id.* On February 12, 2004,

---

[2] Section 707-733.5(3) states in pertinent part:

> No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section [for continuous sexual assault of a minor under the age of fourteen years], unless the other charged offense occurred outside the time frame of the offense charged under this section or the other offense is charged in the alternative.

the Hawaii Supreme Court affirmed Kaopua's conviction and sentence by summary disposition order in Appeal No. 25009. *See Kaopua*, 2010 WL 2601485 at *2. It does not appear that Kaopua sought *certiorari* with the U.S. Supreme Court.

Approximately two years later, on January 20, 2006, Kaopua filed his first state petition for post-conviction relief pursuant to Hawaii Rules of Penal Procedure ("HRPP"), Rule 40 ("Rule 40 petition"), in SPP No. 06-1-0001. *See* Doc. 11-6, Resp.'s Ex. E at 1. On February 27, 2006, Kaopua filed an "Amend[ed] Petition to Set Aside, or Correct Judgment or Release Petitioner from Custody." Doc. 11-7, Resp.'s Ex. F. On November 24, 2006, the circuit court denied the first Rule 40 petition. Doc. 11-6, Resp.'s Ex. E.

On July 11, 2007, nearly eight months after the circuit court had denied his first Rule 40 Petition, Kaopua filed an "Amendment Petition for Post-Conviction Relief Rule 40(e) HRPP" in SPP No. 06-1-0001. *See* Doc. 11-10, Resp.'s Ex. I at 2. On October 23, 2007, Kaopua filed a request for default judgment. *Id.* On November 14, 2007, the circuit court denied Kaopua's request for default. *Id.* Kaopua appealed, and the Hawaii Intermediate Court of Appeals ("ICA") dismissed the appeal for lack of appellate jurisdiction. *Id.* In doing so, the ICA stated that Kaopua's first Rule 40 proceeding became final on December 26, 2006, when Kaopua failed to appeal, *see* Hawaii Rules of

Appellate Procedure ("HRAP"), Rule 4(b), and therefore Kaopua's July 11, 2007, Amendment Petition for Post-Conviction Relief Rule 40(e) HRPP constituted "a separate petition because his previous petitions [in SPP No. 06-1-0001] could not be amended after the [November 24, 2006] order became final."[3] *Id.*

On June 25, 2009, six months after the ICA dismissed Kaopua's appeal of the denial of default judgment in SPP No. 06-1-0001, Kaopua filed a third Rule 40 petition, in SPP 09-1-0007. The circuit court denied this petition on August 28, 2009. *See* Doc. 11-9, Resp's Ex. H. Kaopua appealed, and the ICA affirmed the circuit court's decision on June 30, 2010. *See Kaopua v. State*, No. 30079, 2010 WL 2601485. Kaopua's motion for reconsideration and application for *certiorari* were denied on, respectively, July 21, 2010, and September 3, 2010.

Kaopua commenced this action on October 5, 2010, and filed the Amended Petition on October 26, 2010. Kaopua argues that his conviction in Count 6, after the entry of "acquittal" in Counts 1 to 5, violates double jeopardy.

## II. LEGAL STANDARD

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") drastically altered the time limit imposed on state prisoners filing habeas corpus petitions in

---

[3] Although not material to this decision, it is unclear from the record how the state courts treated the July 11, 2007, "second" Rule 40 petition.

4

federal court.  AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) further provides for tolling of the statute of limitations for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending."  *See also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting statutory tolling under 2244(d)(2) to state, not federal petitions).

The statute may be equitably tolled upon a showing, among other things, that "some extraordinary circumstance stood in [petitioner's] way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir.

5

2009). However, "the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

## III. DISCUSSION

Kaopua filed this Petition after the effective date of AEDPA, which governs this action. The statute of limitations is a threshold issue the court must resolve before reaching other procedural issues or the merits of Kaopua's claims. *White v. Klitzkie*, 283 F.3d 920, 921-22 (9th Cir. 2002).

### A. Conclusion of Direct Review of Kaopua's Conviction

The Hawaii Supreme Court affirmed Kaopua's conviction on February 12, 2004. Kaopua's conviction therefore became final ninety days later, on May 12, 2004, when the time for seeking *certiorari* with the U.S. Supreme court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003). The statute of limitation began to run on May 13, 2004, and barring other statutory or equitable tolling, expired on May 13, 2005. Kaopua did not file his first state post-conviction petition until January 20, 2006, approximately 252 days after the statute of limitation had expired.

Kaopua argues that his Petition is timely because his third Rule 40 petition -- in which he presented for the first

time the precise double jeopardy claim that he raises here -- became final on September 3, 2010, when the Hawaii Supreme Court denied *certiorari*. Kaopua argues that, because he did not raise his double jeopardy claim as presented in the Amended Petition in his first Rule 40 Petition, it was unexhausted and thus unripe for federal review until September 2010, when the state courts finally ruled on and denied the claim. *See* Doc. 13 at 3; Doc. 14 at 1. Kaopua is mistaken. When a state post-conviction petition is filed *after* AEDPA's statute of limitation has expired, the statute of limitation is not retroactively tolled. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Kaopua filed all three of his Rule 40 petitions long after AEDPA's statute of limitation expired on his conviction.

Unless Kaopua is entitled to an alternative date for commencement of the statute of limitation, or to equitable tolling, his Amended Petition is time-barred. Kaopua, however, does not argue or present meritorious facts supporting a different date. There was no state-created impediment to his filing the present Petition, his double jeopardy claim does not rely on a newly recognized and retroactive constitutional right, and the factual predicate of this claim was or should have been known to him no later than the date that his judgment of

7

conviction was affirmed.  *See* 28 U.S.C. § 2244(d)(1)(B-D).

Nor does Kaopua present any facts or argument supporting equitable tolling of his Petition.  It is Kaopua's burden to demonstrate that he is entitled to equitable tolling, and he has not done so.  *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).  Kaopua's Amended Petition is time-barred.

**B.   Kaopua's Double Jeopardy Claim is Without Merit**

Even if Kaopua's Amended Petition were not time-barred, it would be denied on its merits.  Kaopua raises only one claim, arguing that his conviction in Count 6, after the circuit court dismissed Counts 1 to 5, violated double jeopardy.  He is, again, mistaken.  "Where . . . a defendant has suffered a double jeopardy violation because he was erroneously convicted for the same offense under two separate counts, . . . 'the only remedy . . . is for the [court], where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions.'"  *See United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008) ((quoting *Ball v. United States*, 470 U.S. 856, 864 (1985)).  If there was a double jeopardy violation when the circuit court convicted Kaopua of Counts 1 to 4 and Count 6, that violation was remedied on remand from the Hawaii Supreme Court, when the circuit court dismissed Counts 1 to 5 and convicted Kaopua on Count 6 only.  The state court's determination was not contrary to, or an unreasonable application

of, clearly established federal law as determined by the Supreme Court.  *See* 28 U.S.C. § 2254(d)(1).

## IV. CONCLUSION

The Amended Petition is time-barred and is DISMISSED with prejudice.  A Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are DENIED because (1) dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and (2) Kaopua has not made a substantial showing of the denial of a constitutional right.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); Rule 11(a), Rules Governing § 2254 Proceedings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 25, 2011.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Kaopua v. Espinda*, Civ. No. 10-00582 SOM; Order Dismissing Amended Petition as Time-barred and Denying Certificate of Appealability; psas\Habeas\dmp\2011\SOL\Kaopua 10-582 (sol)